IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


EUGENE HARRIS, JR.                                                        PLAINTIFF


        v.                      Civil No.  6:13-cv-06087


CAPTAIN RONNIE BRANSTETTER, Garland
County Detention Center; SERGEANT ANSLEY,
Garland County Detention Center; and
JUDGE HOMER WRIGHT, Garland County;
All Defendants are sued in both their Individual
and Official Capacities                                                  DEFENDANTS



**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

        This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  The Plaintiff

proceeds *pro se* and *in forma pauperis.*  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and

(3)(2013), the Honorable Robert T. Dawson, United States District Judge, referred this case to the

undersigned for the purpose of making a report and recommendation.  The case is before me for a

determination of whether service of process should issue.

**1.  Background**

        Plaintiff is currently incarcerated in the Garland County Detention Center (GCDC).  While

housed there, Plaintiff states he contracted staph infection.  He maintains Defendants Captain

Branstetter and Sergeant Ansley did nothing to contain the spread or notify the inmates about the

infectious disease.  Further, he maintains the jail is overcrowded, has no law library, and is not in

compliance with the Americans with Disabilities Act.

        Plaintiff also maintains that he was denied due process by Judge Homer Wright and Public

Defender Mark Frasure when they noted that the California Governor's Warrant against Plaintiff was to have been acted on within forty-five days but was not. Instead, Plaintiff states he was not brought to court until forty-nine days had passed.

### 2. Discussion

Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint in which the Plaintiff proceeds *in forma pauperis* (IFP). Section 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

In this case, the claims asserted against Judge Homer Wright and Public Defender Mark Frasure are subject to dismissal. First, Judge Wright is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

Second, Mark Frasure is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or

immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999).  Frasure was not acting under color of state law while representing Plaintiff in his criminal proceeding.  *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

### 3.  Conclusion

For the reasons stated, the claims against Judge Homer Wright and Public Defender Mark Frasure should be dismissed as the claims are frivolous or fail to state claims upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i-ii).  By separate order the complaint will be served on Captain Branstetter and Sergeant Ansley.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of October 2013.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE