IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


EUGENE HARRIS, JR.                                                                      PLAINTIFF

      v.                    Civil No.  6:13-cv-06087

CAPTAIN RONNIE BRANSTETTER, Garland
County Detention Center; SERGEANT ANSLEY,
Garland County Detention Center; and
JUDGE HOMER WRIGHT, Garland County;
All Defendants are sued in both their Individual
and Official Capacities                                                                 DEFENDANTS


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

      This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  The Plaintiff proceeds *pro se* and *in forma pauperis.*  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2013), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      When he filed this lawsuit, Plaintiff was incarcerated in the Garland County Detention Center (GCDC).  He was advised (ECF No. 3) that he had an obligation to immediately notify the Court of any change in his address.

      On October 29, 2013, the Court received returned mail with a notation that Plaintiff was no longer incarcerated in the GCDC.  Court staff then obtained the home address Plaintiff had provided to the GCDC when he was booked in.  A change of address was entered on his behalf (ECF No. 14).

      On November 13th and 15th, mail was returned as undeliverable marked no mail receptacle.  No other address is available.  Additionally, on November 20th, Defendants filed a notice (ECF No.

19) indicating they had not been able to serve Plaintiff with their motion to dismiss.

For the reasons stated, I recommend that this case be dismissed with prejudice based on Plaintiff's failure to prosecute this action and his failure to obey a Court order.  Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of November 2013.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE